**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25455-CIV-MARTINEZ**

OCTAVIO NAPOLES-TAURA,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.
_______________________________________/

# ORDER

**THIS CAUSE** is before the Court on Petitioner Octavio Napoles-Taura's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), [ECF No. 1]. In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted. (August 13, 2026 Order [ECF No. 5]). Respondents filed their Response on August 18, 2026 ("Response") [ECF No. 9], and Petitioner filed a reply on August 20, 2026 ("Reply") [ECF No. 10]. Petitioner challenges his immigration detention without having been afforded an individualized bond determination pursuant to an Expedited Removal Order issued in December of 2019. (*See generally* Pet.; *see also* Reply 1). Respondents argue that Petitioner's detention is pursuant to the Immigration and Nationality Act's expedited removal provision, 8 U.S.C. § 1225(b)(1), and this Court lacks jurisdiction over the Petition. (*See generally* Resp.) The Court has considered the briefing, the record, and applicable law, and is otherwise fully advised. For the following reasons, the Petition is **DISMISSED** for lack of jurisdiction.

Judicial review of an expedited removal order is governed by 8 U.S.C. § 1252. *See Diaz Del Cid v. Barr*, 394 F. Supp. 3d 1342, 1345 (S.D. Fla. 2019) (citing *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 426 (3d Cir. 2016)). The statute provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . no court shall have jurisdiction to review . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title[.]

8 U.S.C. § 1252(a)(2)(A)(i). The statute does permit judicial review in habeas corpus proceedings of determinations made under § 1225(b)(1), applicable to expedited removal, but only in very limited circumstances. *Id.* § 1252(e)(2). Specifically, courts are limited to reviewing determinations of (1) whether the petitioner is an alien; (2) whether the petitioner was in fact ordered removed under Section 1225(b)(1); and (3) whether the petitioner can prove he is a lawful permanent resident, was admitted as a refugee, or was granted asylum. *Id.* §§ 1252(e)(2)(A)–(C). Essentially, "unless a habeas petitioner falls within this narrow class of reviewable claims, a district court's jurisdiction is foreclosed by statute." *Quintero v. Field Off. Dir. of Miami ICE Field Off.*, No. 25-22428-CIV, 2025 WL 2588099 at *3 (S.D. Fla. June 23, 2025), *vacated on other grounds and remanded*, No. 25-12147, 2025 WL 2589756 (11th Cir. Sept. 5, 2025).

"Where statutory bars to jurisdiction would entirely preclude habeas review of executive detention, courts must confront the constitutional floor imposed by the Suspension Clause." *Id.* The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. 1, § 9, cl. 2; *see also Boumediene v. Bush*, 553 U.S. 723, 783 (2008) (holding that "the writ must be effective" and available where no adequate substitute exists). In certain situations, including in the expedited removal context, the Suspension Clause requires that the writ of habeas

corpus be available even if a statute expressly aims to deny it. *See I.N.S. v. St. Cyr*, 533 U.S. 289, 300–01 (2001); *Osorio-Martinez v. Att'y Gen.*, 893 F.3d 153, 177 (3d Cir. 2018).

The Supreme Court has addressed the question of whether the restrictions on judicial review enacted by Section 1252(e)(2) violate the Suspension Clause. In *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), the Supreme Court rejected a claim that Section 1252(e) violates the Suspension Clause based on a challenge to a denial of asylum.

> In *Thuraissigiam*, the petitioner, who was in expedited removal proceedings, sought habeas review of an Immigration Judge's determination that he was not entitled to asylum on credible fear grounds. *Id.* at 114–15. After the district court determined that it lacked jurisdiction to consider the habeas petition based on Section 1252(e), the petitioner challenged the constitutionality of the statute on grounds it violates the Suspension Clause. *Id.* The Supreme Court held that the petitioner's Suspension Clause argument failed "because it would extend the writ of habeas corpus far beyond its scope 'when the Constitution was drafted and ratified.'" *Id.* at 107 (quoting *Boumediene*, 553 U.S. at 746). The Court explained that the Suspension Clause protects the writ of habeas corpus as it existed in 1789, when the Constitution was adopted, and that at that time, the writ "simply provided a means of contesting the lawfulness of restraint and securing release." *Id.* at 117.

*Chaviano v. Bondi*, No. 25-22451-CIV, 2025 WL 1744349, at *5 (S.D. Fla. June 23, 2025).

Here, Petitioner does not dispute that he is the subject of an expedited removal order pursuant to 8 U.S.C. § 1225(b)(1)(A)(i). (*See* Resp. 1; Reply 1). Instead, Petitioner challenges Respondents' decision to detain him without bond under 8 U.S.C. § 1225(b)(1), pursuant to the expedited removal order from December of 2019. (*See* Reply 1). As Respondents argue, "[a]liens in expedited removal are subject to mandatory detention and, with very limited exceptions that are not applicable here, the Court lacks jurisdiction to review an alien's detention pending expedited removal." (Resp. 4). The Court agrees with Respondents that it lacks jurisdiction to adjudicate the merits of this case. *See, e.g.*, *Chaviano*, 2025 WL 1744349, at *8; *Quintero*, 2025 WL 2588099 at *3; *Diaz*, 394 F. Supp. 3d at 1345. *See also Izquierdo v. Ripa*, No. 25-cv-61231-DSL, (S.D. Fla.

June 30, 2025) [ECF No. 12]; *Morejon Vidal v. Field Office Director*, Case No. 26-cv-20334-BB, (S.D. Fla. Apr. 2, 2026) [ECF No. 7].

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition [ECF No. 1] is **DISMISSED** for lack of jurisdiction.
2. The Clerk of Court is **DIRECTED** to **CLOSE** this case and **DENY as moot** all pending motions.
3. The Court retains jurisdiction to address matters that may arise with respect to the Petition or this Order.

**DONE AND ORDERED** in Miami, Florida, this 8 day of September 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record